Terry D. PECHACEK, Respondent,

v.

MINNESOTA STATE LOTTERY, Commissioner of Jobs and Training, Petitioners, Appellants.

No. C9–92–52.

Supreme Court of Minnesota.

March 12, 1993.

---

4. *U.S. v. Brown,* 547 F.2d 438 (8th Cir.1977), cert. denied, sub nom., *Hendrix v. U.S.,* 430 U.S. 937, 97 S.Ct. 1566, 51 L.Ed.2d 784 (1977).

Hubert H. Humphrey, III, Atty. Gen., John Garry, Sp. Asst. Atty. Gen., St. Paul, for MN State Lottery.

Kent E. Todd, Dept. of Jobs and Training, St. Paul, for Comm'r of Jobs and Training.

Emil Jalonen, St. Paul, for respondent.

COYNE, Justice.

On May 14, 1991 the Minnesota State Lottery discharged Terry D. Pechacek, whom the Lottery had employed as a marketing representative. The discharge followed Pechacek's conviction of criminal sexual conduct in the second degree, a felony. Minn.Stat. § 609.343, subd. 1(a) (1990). Pechacek promptly applied for unemployment compensation benefits. A claims representative of the department of jobs and training denied the claim on the ground that Pechacek was discharged for misconduct. Minn.Stat. § 268.09, subd. 1(b) (1990). A department referee affirmed and on appeal to the commissioner, the denial was affirmed, this time on the ground that Pechacek was discharged from his employment because of gross misconduct. Minn. Stat. § 268.09, subd. 1(d) (1990). On review by certiorari the court of appeals, in an unpublished opinion, reversed the commissioner's denial of unemployment compensation benefits, holding that the statute which prohibits the Minnesota State Lottery from hiring any person convicted of a felony within five years of starting employment permits the continued employment of an employee who is convicted of a felony after starting employment. Minn.Stat. § 349A.02, subd. 6 (1990).[1] We reverse

---

1. Minn.Stat. § 349A.02, subd. 6 reads as follows: Subd. 6. **Employees; background checks.** The director shall conduct background checks,

and reinstate the decision of the commissioner's representative.

Pechacek began working for the Lottery on February 26, 1990. In mid-February 1991 Pechacek was charged with three counts of second degree criminal sexual conduct with his 11–year–old daughter, and on May 8, 1991 he pleaded guilty to one count of violating Minn.Stat. § 609.343, subd. 1(a) (1990). When the Lottery was notified of Pechacek's conviction, he was placed on "investigative leave." Pechacek was discharged on May 14th because the Lottery understood Minn.Stat. § 349A.02, subd. 6 (1990) to prohibit the continued employment of a convicted felon.

■ Pechacek contends, and the court of appeals agreed, that Minn.Stat. § 349A.02, subd. 6 (1990), was intended to apply only to a prospective employee of the Lottery and not to an employee convicted of a felony after starting to work for the Lottery. The argument is based principally on this portion of the statute: "No person may be employed by the division who has been convicted of a felony or a crime involving fraud or misrepresentation within five years of starting employment with the division * * * *" The court of appeals looked on "within" as a word of containment and by interpolating the words "immediately prior to" before "starting employment," reached the conclusion that the statutory prohibition against employment was limited to prospective employees. To interpret the statute to forbid hiring one who has been convicted of a felony within five years before starting work while permitting the Lottery to keep in its employ one who is convicted of a felony while employed by the Lottery is, in our judgment, to charge the legislature with enacting an absurdity.

If the word "within" is indeed a word of containment, then the statute forbids the employment of one who has been convicted of a felony within five years before or five years after starting employment. It seems to us, however, that such a construction, though avoiding the interpolation of language not found in the statute, suffers from the same absurdity as the court of appeals' interpretation. There is no discernible reason for the legislature to enact legislation requiring the director to "take all necessary steps to ensure the integrity of, and public confidence in, the state lottery," Minn.Stat. § 349A.02, subd. 3(7) (1990), and in another subdivision of the same section to carry out that purpose by prohibiting the director from hiring a convicted felon while at the same time defeating that purpose by permitting the continued employment of someone who is convicted of a felony while employed by the Lottery. To continue the employment of a person like Mr. Pechacek, who is convicted of a felony committed after he became an employee of the Lottery or a person who committed a felony before being hired but managed to stall conviction until after starting employment can hardly be said to insure the integrity of or to enhance public confidence in the State Lottery.

■ In denying Pechacek unemployment compensation the commissioner's representative ruled that Pechacek was guilty of "gross misconduct," which disqualified him from unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1 (1990). Pechacek argues that his crime did not interfere with or adversely affect his employment because his sexual abuse of his daughter was not connected with his employment and none of the retailers with whom he dealt would know about his conviction. We do not share Mr. Pechacek's confidence that his conviction will escape notice, but the extent of the notoriety attendant on his conviction is beside the point. Section 268.-

or request the director of gambling enforcement to conduct background checks, on all prospective employees who are finalists, and shall require that all employees of the division be fingerprinted. No person may be employed by the division who has been convicted of a felony or a crime involving fraud or misrepresentation within five years of starting employment with the division, or has ever been convicted of a gambling-related offense. The director has access to all criminal history data compiled by the division of gambling enforcement on employees and prospective employees of the lottery. The director may employ necessary persons pending the completion of a background check.

09, subd. 1(d) (1990), provides that an individual discharged for "gross misconduct which interferes with and adversely affects the individual's employment" is disqualified from unemployment compensation and defines "gross misconduct" as any act, "the commission of which amounts to a felony * * *." Because the fact of the conviction, whether job-related or not, of a Lottery employee affects the credibility of and reduces public confidence in the integrity of the Lottery, Pechacek's conviction, even though for off-duty and off-site conduct, reflects an "intentional and substantial disregard of his duties and obligations to his employer," *Markel v. City of Circle Pines*, 479 N.W.2d 382, 385 (Minn.1992), and he must be said to have been discharged for gross misconduct which interfered with and substantially affected his employment.

Reversed and decision of the representative of the commissioner of jobs and training reinstated.

PAGE, J., took no part in the consideration or decision of this case.