Louis M. BALLIN, Relator,

v.

METROPOLITAN TRANSIT COMMIS-
SION, and Minnesota Department of
Economic Security, Respondents.

No. C5–94–1459.

Court of Appeals of Minnesota.

Dec. 27, 1994.

Thomas H. Boyd, Matthew T. Boos, Winthrop & Weinstine, P.A., St. Paul, for relator.

Andrew D. Parker, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for Metropolitan Transit Com'n.

Kent E. Todd, Dept. of Economic Sec., St. Paul, for Minnesota Dept. of Economic Sec.

Considered and decided by FORSBERG, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

HUSPENI, Judge.

Following his termination by respondent Metropolitan Transit Commission for committing a felony while off-duty, relator was denied reemployment insurance benefits. Because we conclude that relator's conduct constituted gross misconduct that interfered with and adversely affected his employment, we affirm.

## FACTS

Relator Louis M. Ballin was employed as a bus driver by the Metropolitan Transit Commission (MTC) from February 1990 until his termination on February 16, 1994.

On August 9, 1993, Ballin aided in the sale of marijuana while off-duty. On January 26, 1994, he pleaded guilty to possession of a controlled substance (approximately five pounds of marijuana) with intent to sell, and was sentenced to 33 days in jail and five years probation. After being credited with three days time served, Ballin served 20 days in jail during January and February of 1994

and was excused from serving the remaining ten days of his sentence due to good behavior. On February 16, 1994, Ballin's supervisor terminated Ballin's employment with MTC for gross misconduct, including "conduct unbecoming an MTC employee" and "convicted felony—sale of a controlled substance."

Ballin filed a claim for reemployment insurance benefits which the Department of Economic Security denied. Ballin appealed; a referee reversed the Department's determination and granted benefits. The MTC appealed and the Commissioner's representative reversed the referee's determination, denying Ballin benefits on the grounds that Ballin was discharged for misconduct and gross misconduct[1] that interfered with and adversely affected his employment. *See* Minn.Stat. § 268.09, subd. 1(b), (d) (1993).

## ISSUE

Did the Commissioner's representative properly conclude that Ballin committed gross misconduct that interfered with and adversely affected his employment, thereby disqualifying him from receiving reemployment insurance benefits?

## ANALYSIS

■ Whether an employee was properly disqualified from receiving benefits is a mixed question of fact and law. *Colburn v. Pine Portage Madden Bros., Inc.,* 346 N.W.2d 159, 161 (Minn.1984). The Commissioner's representative's findings should be reviewed in the light most favorable to the decision and should not be overturned if there is evidence in the record that reasonably tends to sustain them. *Ress v. Abbott Northwestern Hosp., Inc.,* 448 N.W.2d 519, 523 (Minn.1989). The ultimate determination of whether an employee was properly disqualified from receiving benefits is, however, a question of law upon which this court is "free to exercise its independent judgment." *See id.*

■ An individual is disqualified from receiving benefits if he or she was discharged for gross misconduct connected with work or which interferes with and adversely affects his or her employment. Minn.Stat. § 268.09, subd. 1(d). The Minnesota legislature has defined "gross misconduct" as any act "the commission of which amounts to a felony * * *." Minn.Stat. § 268.09, subd. 1(d).

There is no dispute that Ballin committed gross misconduct by committing a felony. Neither is there any dispute about whether the MTC was justified in discharging him. The sole issue this court must decide is whether Ballin's gross misconduct interfered with and adversely affected his employment so as to disqualify him from receiving benefits. *See* Minn.Stat. § 268.09, subd. 1(d).

In denying reemployment benefits, the Commissioner's representative cited *Pechacek v. Minnesota State Lottery,* 497 N.W.2d 243 (Minn.1993), where the court held that the criminal sexual conduct leading to a state lottery employee's felony conviction constituted gross misconduct that interfered with and substantially affected his employment.

> Because the fact of the conviction, whether job-related or not, of a Lottery employee affects the credibility of and reduces the public confidence in the integrity of the Lottery, Pechacek's conviction, even though for off-duty and off-site conduct, reflects an "intentional and substantial disregard of his duties and obligations to his employer," *Markel v. City of Circle Pines,* 479 N.W.2d 382, 385 (Minn.1992), and he must be said to have been discharged for gross misconduct which interfered with and substantially affected his employment.

*Id.* at 246.

The Commissioner's representative accepted MTC's argument that Ballin's position as a public bus driver was a position of "high visibility and trust" and that to continue Ballin's employment following his conviction of a

---

1. The Commissioner's representative stated:
   It is the position of the Commissioner that conduct constituting "gross misconduct" also constitutes "misconduct" under the law.
   Because the parties agree that the conduct leading to Ballin's felony conviction constitutes

"gross misconduct," we will not address whether Ballin was discharged for "misconduct" that interfered with and adversely affected his employment.

felony involving the illegal sale of drugs would violate a public trust and be harmful to MTC's interests. Further, the Commissioner's representative concluded that the conduct resulting in Ballin's felony conviction, whether job related or not, affected the credibility of and reduced public confidence in the integrity of his employer, and showed a substantial and deliberate disregard of the employer's interests and of Ballin's obligations to his employer.

The Commissioner's representative also cited *Schmidt v. City of Duluth*, 346 N.W.2d 671 (Minn.App.1984), where this court defined the standard for determining whether an employee's gross misconduct interferes with and adversely affects his employment "whether, by reason of his action, he can no longer effectively perform the services for which he was employed." *Id.* at 674. In *Schmidt*, this court held that when an animal shelter employee who worked as part of the police department shot a gun toward an occupied residence while he was off-duty and out of uniform, the employee committed gross misconduct that interfered with and adversely affected his employment because he could no longer effectively perform his work. *Id.* The court added:

> As a public employee whose function was, in part, to ensure compliance with and enforcement of laws and ordinances, the City of Duluth and the police department had the right to expect relator to refrain from criminal conduct whether on-duty or off-duty. [Relator's] involvement and active participation in shooting at an occupied residence violated standards which the employer had a right to expect of him.

*Id.*

In comparing *Schmidt* to the present case, the Commissioner's representative stated:

> [Ballin], as a public bus driver operating a bus on the streets on the Twin Cities, literally, on a daily basis, ha[s] the lives of

countless citizens in his hands. [Ballin] had the responsibility to be a law abiding citizen. As a bus driver, he was in a highly visible position and in a position of public trust and responsibility. He knew that the conviction of a felony would mean the loss of his job.[2]

Ballin argues that the Commissioner's representative improperly based his decision on *Schmidt* because Ballin was still physically and legally able to perform the services for which he was employed. *See Schmidt*, 346 N.W.2d at 674 (the standard to determine whether an employee's gross misconduct interferes with or adversely affects his employment is whether the employee "can no longer effectively perform the services for which he was employed"). We disagree and cannot construe *Schmidt* as narrowly as Ballin urges. On the contrary, we note the similarities between *Schmidt* and this case.

Both Ballin and Schmidt were still physically and legally able to perform their jobs after the conduct which caused them to be terminated. Each, however, could no longer effectively perform the services for which he was employed because each "violated standards which the employer had a right to expect." *Id.* As the Commissioner's representative observed, Ballin was "in a highly visible position and in a position of public trust and responsibility." Further, Ballin had a responsibility to be a law-abiding citizen and knew that a felony conviction would mean the loss of his job.

Ballin also argues that the scope of *Pechacek* should be confined to lottery employees, noting that unlike the lottery director, the MTC's director is not charged with a statutory duty to maintain public confidence in the integrity of its employees. Ballin further argues that because the present case does not involve a state statute regarding termination, *Pechacek* is inapplicable as a matter of law.[3] Again, we disagree.

---

2. In his initial claim for benefits, Ballin stated "I knew that I could not have a felony if I wanted to be employed by the company."

3. Ballin cites *Masalla v. Inisfail, Inc.*, No. C3–93–2518, 1994 WL 200717 (Minn.App. May 24, 1994), *pet. for rev. denied* (Minn. July 8, 1994) an unpublished decision, to support his argument

that this court recently recognized that *Pechacek* is applicable only to cases involving a statute governing the employee's termination. *Masalla*, however, in addition to being of no precedential value, distinguishes *Pechacek* primarily on the grounds that Masalla's alleged misconduct occurred prior to the employment. *Pechacek's*

*Pechacek* held that the employee's conviction, even though it was not job-related, "affects the credibility of and reduces public confidence in the integrity of the [employer]." *Pechacek*, 497 N.W.2d at 246. *See also City of Minneapolis v. Moe*, 450 N.W.2d 367, 370 (Minn.App.1990) (police department had just cause to discharge officer for felonious possession of cocaine because "[t]here must be public confidence in law enforcement" and to ignore the officer's actions "could only serve to undermine public confidence in that office").

Although the statute in *Pechacek* mandated only discharge of the lottery employee, the *Pechacek* court addressed the validity of both the discharge and the disqualification from reemployment benefits. *Id.* Further, while we recognize that *Moe* involves an employee's discharge and not reemployment insurance benefits, that court's reasoning is equally persuasive when the issue is, as here, whether the employee's conduct interfered with and adversely affected his employment. *Id.*

As noted by the MTC, Ballin was a public employee, he worked in a safety-sensitive position entrusted with the lives of hundreds of passengers each day, he was the ambassador to the public for his employer, his duties included keeping order on the bus and reporting inappropriate or illegal conduct to his employer, and he had unsupervised contact with the public on a day-to-day basis.

We conclude that Ballin's actions constituted gross misconduct that interfered with and adversely affected his employment so as to disqualify him from receiving benefits. In so concluding, however, we recognize that there may be instances of felony convictions where, although the underlying activity constitutes gross misconduct, it does not so interfere with and adversely affect employment as to disqualify the individual from receiving benefits. *See Auger v. Gillette Co.*, 303 N.W.2d 255, 257 (Minn.1981) ("Because the nature of an employer's interest will vary depending upon the job, what constitutes disregard of

that interest, and therefore misconduct, will also vary").

### DECISION

Because Ballin's actions constituted gross misconduct which interfered with and adversely affected his employment, we affirm the Commissioner's representative's denial of reemployment insurance benefits.

**Affirmed.**

misconduct occurred during employment. *Pechacek* is fully applicable to the facts of the case

before us.